1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MIGUEL GARCIA-VASQUEZ,<br><br>                Petitioner,<br><br>        v.<br><br>LAURA HERMOSILLO, et al.,<br><br>                Respondents. | Case No. 2:26-cv-00120-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I.    INTRODUCTION AND BACKGROUND

Petitioner Miguel Garcia-Vasquez is an individual who entered the United States in 1999, was apprehended by Immigration and Customs Enforcement ("ICE") officers on December 3, 2025, and is now detained at the Northwest ICE Processing Center in Tacoma, Washington. Dkt. 1 ¶¶ 1, 12–13. There is no indication that he has had a custody redetermination hearing before an Immigration Judge, as the government has determined that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See id.* ¶ 16; Dkt. 7 at 4.

On January 13, 2026, Garcia-Vasquez filed a petition for writ of habeas corpus, arguing that his mandatory detention violates the Immigration and Nationality Act ("INA") because he is entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶ 20. On January 27, Federal Respondents filed a return to the habeas petition. Dkt. 7. On February 2,

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

Garcia-Vasquez filed a traverse. Dkt. 8. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.   LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.   DISCUSSION

On September 30, 2025, in *Rodriguez Vazquez v. Bostock*, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Garcia-Vasquez argues that he is entitled to consideration for release on bond under § 1226(a) because he is a member of the Bond Denial Class. Dkt. 1 ¶¶ 10–20. While Federal Respondents express their continued disagreement with *Rodriguez Vazquez*, they do not dispute

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

that Garcia-Vasquez is a member of the Bond Denial Class for purposes of this litigation. Dkt. 7 at 3–4.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Garcia-Vasquez is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Garcia-Vasquez has thus shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

## IV.   CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.
2. Within fourteen days of receiving Petitioner Miguel Garcia-Vasquez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 4th day of February, 2026.

Tiffany M. Cartwright
United States District Judge